**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**TRACY MASTERSON,**

               **Plaintiff,**

-vs-                                             Case No. 6:08-cv-796-Orl-19KRS

**HIGHLIFE FARMS, LLC.,**

               **Defendant.**

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION FOR APPROVAL OF SETTLEMENT (Doc. No. 31)** |
| **FILED:** | **February 9, 2009** |

**I.    PROCEDURAL HISTORY.**

Plaintiff Tracy Masterson brought this case on behalf of herself and all those similarly situated under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq*. Masterson was the only employee to opt-in to the case, and the case was never certified as a collective action. Plaintiff and Defendant Highlife Farms, LLC, seek the Court's approval of their settlement.

On February 9, 2009, the parties filed their joint motion. Doc. No. 31. Counsel for Plaintiff, C. Ryan Morgan, Esq., filed an affidavit in support that contained a statement of the distribution of settlement funds and Morgan's time records in the case. Doc. No. 32 ("Morgan Aff."). The motion seeks approval of a settlement of $2,500.00, consisting of $1,000.00 in unpaid wages and liquidated

damages and $1,500.00 for attorney's fees and costs. Doc. No. 31 at 3-4. The Court referred this matter to me for report and recommendation as to whether any settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA issues." Doc. No. 28. As the motion is unopposed, and Attorney Morgan has filed his affidavit containing the time records and an explanation of settlement distribution, it is ripe for consideration.

## II. APPLICABLE LAW.

In *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982), the United States Court of Appeals for the Eleventh Circuit explained that claims for compensation under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." *Id.* at 1353. In *Silva v. Miller*, No. 08-12011, 2009 WL 73164 (11th Cir., Jan. 13, 2009),[1] the Eleventh Circuit wrote that the FLSA "contemplates that 'the wronged employee should receive his full wages plus the penalty without incurring any expense for legal fees or costs.'" *Id.* at *1 (quoting *Maddrix v. Dize*, 153 F.2d 274, 275-76 (4th Cir. 1946)). Therefore, in any case where a plaintiff agrees to accept less than his full FLSA wages and liquidated damages, he has compromised his claim within the meaning of *Lynn's Food Stores*.

When a settlement agreement includes an amount to be used to pay attorney's fees and costs, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged

---

[1] The Court recognizes, as it has in the past, that the Eleventh Circuit's unpublished opinions represent persuasive authority, rather than binding precedent. *See* 11th Cir. R. 36-2 and I.O.P. 6.

employee recovers under a settlement agreement." *Silva*, 2009 WL 73164, at *2. If the Court finds the payment to the attorney is not reasonable, the Court must consider whether a plaintiff's recovery might have been greater if the parties had reduced the attorney's fee to a reasonable amount.

**III. ANALYSIS.**

   *A.   Settlement Recovery.*

In her answers to the Court's interrogatories, Masterson averred she was owed $6,159.60 in overtime compensation plus an equal amount in liquidated damages for Defendant's alleged violations of the FLSA. Doc. No. 17 at 3. The parties represent that they "formulated their own proposed settlement figures" and arrived at a compromise based on their "independent calculations" and considerations of the disputed issues in the case. Among other things, there is a significant dispute regarding whether Defendant is an entity that is subject to the FLSA, whether Masterson is an exempt employee and the number of hours Masterson worked. Doc. No. 31 at 3.

Masterson has compromised her FLSA claim. The Court, therefore, must consider whether the payment to Plaintiff's attorney is reasonable, to ensure that the attorney's fees and costs to be paid did not improperly influence the amount Plaintiff agreed to accept.

   *B.   Attorney's Fees and Costs.*

The FLSA mandates that in any action brought by an employee to enforce § 206 or § 207 of the Act, the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). In *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), the Supreme Court stated that "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." This amount, which is commonly

referred to as the lodestar, is then adjusted to reflect the "results obtained." *Id*. at 434; *accord Norman v. Hous. Auth.*, 836 F.2d 1292, 1299-1302 (11th Cir. 1988).

The settlement agreement provides for a payment of $1,500.00 to Attorney Morgan for attorney's fees and costs. The "'fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates.'" *Am. Civil Liberties Union v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (quoting *Norman*, 836 F.2d at 1303). Thus, the applicant must produce satisfactory evidence that the requested rate is within the prevailing market rates and supports the number of hours worked and the rate sought. *Hensley*, 461 U.S. at 433. "[F]ee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity." *Norman*, 836 F.2d at 1303. Moreover, fee applicants must provide "fairly definite information" concerning activities performed by each attorney. *See Mallory v. Harkness*, 923 F. Supp. 1546, 1556 (S.D. Fla. 1996) (quoting *FMC Corp. v. Varonos*, 892 F.2d 1308, 1317 (7th Cir. 1990)).

It is well established that the Court may use its discretion and expertise to determine the appropriate hourly rate to be applied to an award of attorney's fees. *See Scelta v. Delicatessen Support Services, Inc.*, 203 F. Supp. 2d 1328, 1331 (M.D. Fla. 2002). The Court "is itself an expert on the question [of reasonable fees] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Norman*, 836 F.2d at 1303 (internal citations omitted).

Attorney Morgan avers that a reasonable hourly rate for his services is $300.00 per hour Morgan has only been a lawyer since 2005. As such, $300.00 per hour is an exceedingly high rate

in the central Florida market for a lawyer of such limited experience in a case of this type. Judges of this Court have found his reasonable hourly rate in FLSA cases to be between $145.00 and $165.00 per hour: *Ellison v. Sydel Legrande, M.D., P.A.*, No. 8:08-cv-845-T-33TGW, 2009 WL 465034, at *3 (M.D. Fla. Feb. 24, 2009) ($165.00 per hour for Morgan; $50.00 per hour for Silva); *Aguirre v. Abercrombie Entertainment Arts, LLC*, No. 6:08-cv-990-Orl-28GJK, 2009 WL 51269, at *4 (M.D. Fla. Jan. 7, 2009) ($150.00 per hour for Morgan); *Cruz v. Petty Transp., LLC*, No. 6:08-cv-498-Orl-22KRS, 2008 WL 5055242, at *4 (M.D. Fla. Nov. 21, 2008) ($145.00 per hour for Morgan; $50.00 per hour for Silva).[2] After review of these cases, I find that $165.00 per hour is a reasonable hourly rate for Attorney Morgan,

Paralegal Claudia Silva has been a paralegal for 10 years. Morgan avers that a reasonable hourly rate for her work is $95.00 per hour. I find that this is reasonable for a paralegal of her experience, to the extent that she performed paralegal, rather than clerical or administrative work.

The 13.7 hours worked by Attorney Morgan are reasonable in the absence of objection. Because the amount of Attorney Morgan's reasonable fee alone, $2,260.50, would exceed the attorney's fees and costs of $1,500.00 accepted under the settlement agreement, I find that the payment of attorney's fees and costs under the settlement agreement did not improperly influence the amount Plaintiff agreed to accept under the settlement agreement.

---

[2] I am aware that some judges approve the requested hourly rates of Morgan when they are not contested. *See, e.g., Payne v. Snowbirds Inn, LLC*, No. 8:08-cv-1175-SDM-MAP (M.D. Fla. Oct. 1, 2008). Based on the analysis in *Silva* that suggests that the Court should determine the reasonable, rather than the agreed, hourly rate, it is appropriate to determine Morgan's reasonable hourly rate for purposes of this analysis.

*C. Fairness Finding.*

The considerations that favored settlement described in the motion are sufficient to find the settlement agreement reasonable, particularly because both parties were advised by counsel and voluntarily agreed to the settlement. Therefore, I find that settlement is a fair and reasonable resolution of this case. I recommend that the Court not approve the settlement agreement, which was not filed with the instant motion, as a whole or reserve jurisdiction to enforce it.

**IV.　RECOMMENDATION.**

Based on the foregoing, I respectfully recommend that the Court do the following:

1. **FIND** that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores*, 679 F.2d at 1354;

2. **PROHIBIT** counsel for Masterson from withholding any portion of the $1,000.00 payable to Masterson under the settlement agreement;

3. **ORDER** counsel for Masterson to provide a copy of the Court's Order to Masterson;

4. **DISMISS** the case with prejudice without reserving jurisdiction to enforce the settlement agreement; and

5. **DIRECT** the Clerk of Court to close the file after an order of dismissal is entered.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on May 4, 2009.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE